| | | |
|---|---|---|
| CARMEN K. OLOPAI, RITA K. BILLY, MAXIMINO K. TAITANO, SERAFINA K. NAOG, and JULIAN K. TAITANO, | ) ) ) ) | APPEAL NO. 93-004 CIVIL ACTION NO. 92-948 |
| Plaintiffs/Appellants, | ) ) | |
| vs. | ) ) | OPINION |
| LARRY L. HILLBLOM, ROGER GRIDLEY, KIM BATCHELLER, JACK D. LAYNE, REALTY TRUST CORPORATION, SAN ROQUE BEACH DEVELOPMENT COMPANY, LTD., | ) ) ) ) ) ) | |
| Defendants/Appellees. | ) ) ) | |

Argued and Submitted March 22, 1993

Counsel for Plaintiffs/Appellants:  Theodore R. Mitchell
Jeanne H. Rayphand
P.O. Box 2020
Saipan, MP 96950

Counsel for Defendant/Appellee:  Richard Pierce
Larry L. Hillblom  P.O. Box 222 CHRB
Saipan, MP 96950

Counsel for Defendants/Appellees:  Marcia K. Schultz
Roger Gridley, Kim Batcheller,  P.O. Box 5241
Jack D. Layne, and Realty  Saipan, MP 96950
Trust Corporation

Counsel for Defendant/Appellee:  Michael W. Dotts
San Roque Beach Development  P.O. Box 1969
Co., Ltd.  Saipan, MP 96950

BEFORE:  DELA CRUZ, Chief Justice, VILLAGOMEZ, Justice, and CRUZ, Special Judge.

529

VILLAGOMEZ, Justice:

## PROCEDURAL BACKGROUND

This is an appeal of an order disqualifying the law office of Theodore R. Mitchell from representing the plaintiffs. The Superior Court disqualified Mitchell and his firm because he had previously represented defendants Larry L. Hillblom and San Roque Beach Development Company with respect to the same land that is at issue in this case. In addition, the court found that Mitchell represented Hillblom in a separate land lease transaction in Palau at the time Mitchell filed the complaint in this case.

Upon filing this appeal, plaintiffs sought in Superior Court a stay of the disqualification order. On February 22, 1993, the Superior Court denied the request for stay. In the Superior Court's opinion and order denying the stay, the court alluded that the Supreme Court does not have jurisdiction to hear an interlocutory appeal of a disqualification order.

This Court has jurisdiction over final judgments and orders of the Superior Court. CNMI v. Hasinto, Nos. 90-033 & 90-034, 1 N.Mar.I. 179, 180-82 (1990). An exception to the "finality" rule is the collateral order doctrine we adopted in Hasinto. In that case, we noted a three-prong test and stated that:

> At a minimum, to come within the collateral order exception to the final judgment rule, the order sought to be appealed must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.

Id. at 181 n. 6. (Citation omitted).

The Superior Court concluded that, because the order was not final and does not fall within the collateral order doctrine, an immediate appeal cannot lie.

The appellees have moved to dismiss the appeal taken on the basis that we do not have jurisdiction. The issue of whether we have jurisdiction to entertain an appeal is one we must determine ourselves.

## ANALYSIS

In CNMI v. Guerrero, No. 93-006 (N.M.I. Feb. 18, 1993), we held that a pre-trial order disqualifying defendant's attorney, in a criminal case, is not a final judgment or order, nor does it fall within the collateral order exception so as to be immediately appealable. Following the U.S. Supreme Court's reasoning in Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed. 2d 288 (1984), we dismissed the appeal for lack of jurisdiction.

After the Flanagan decision, the U.S. Court of Appeals for the District of Columbia Circuit was confronted with a similar issue, but in a civil context. Koller v. Richardson-Merrell, Inc., 737 F.2d 1038 (1984). On appeal to the D.C. Circuit, the court distinguished the case from Flanagan, a criminal case, and concluded that an order disqualifying an attorney in a civil case may be appealed immediately under the collateral order exception to the final judgment rule. On further review, the U.S. Supreme Court disagreed and held that the disqualification of an attorney in a civil case neither constitutes a final order for purposes of an

531

immediate appeal nor falls within the collateral order exception. See <u>Richardson-Merrell, Inc. v. Koller</u>, 472 U.S. 424, 105 S.Ct. 2757, 2766-67, 86 L.Ed 2d 340 (1985).

The plaintiffs in this case urge us to adopt the position of the dissenting opinion in <u>Koller</u>, which is in line with the rationale taken by the D.C. Circuit. The defendants, on the other hand, urge us to adopt the majority opinion of the U.S. Supreme Court.

We have reviewed the <u>Koller</u> opinions of the D.C. Circuit and the U.S. Supreme Court. Both raised concern over the prejudicial effect an attorney disqualification may have upon the course of the trial and whether that should be a factor in determining whether the disqualification order is erroneous. The U.S. Supreme Court differs with the D.C. Circuit on the issue of whether subsequent prejudice at trial has to be shown in order to have a disqualification order in a civil case reversed.

The D.C. Circuit states: "Only an erroneous disqualification combined with prejudice at trial could conceivably result in outright reversal of a civil judgment."[1] The U.S. Supreme Court, in contrast, states: "This Court has never held that prejudice is a prerequisite to reversal of a judgment following erroneous disqualification of counsel in either criminal or civil cases." <u>Koller</u>, 105 S.Ct. 2765. The U.S. Supreme Court then concluded by reiterating that it "has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of

---

[1] <u>Koller v. Richardson-Merrell, Inc.</u>, 737 F.2d 1038, 1052 (1984).

whether a particular ruling should be subject to appeal." Id. (Citation omitted). Consequently, "orders disqualifying counsel in civil cases, as a class, are not sufficiently separable from the merits to qualify for interlocutory appeal."

█ We choose not to adopt either view. It is our opinion that a disqualification order is either proper or not, at the time it is rendered, based on the facts and circumstances existing. What subsequently happens at trial, after disqualification, does not make the order right or wrong. We recognize, of course, that where a party, whose counsel has been erroneously disqualified, prevails on the merits, there would be no reason to appeal an erroneous disqualification order.[2] On the other hand, where the same party fails on the merits, that party may appeal and obtain reversal based on the erroneous disqualification order, regardless of whether the order prejudiced that party at trial.

█ Applying this view to the case at hand, we conclude that the first two prongs of the collateral order doctrine are met, but not the third. The order conclusively determines the issue of whether plaintiffs' counsel should be disqualified. Hence, it meets the first condition of the doctrine. Also, as the order is either right or wrong at the time that it was rendered, it resolves an important issue completely separate from the merits, and meets the second condition of the collateral order doctrine.

However, because a determination, after trial, by this Court

_____

[2] The U.S. Supreme Court in Koller noted: "As a matter of professional ethics, however, the decision to appeal should turn entirely on the client's interest. Koller, 105 S.Ct., at 2763.

533

that the disqualification order is erroneous, would send the case back for a new trial with the disqualified counsel, the order is effectively reviewable following a judgment on the merits. Thus, the third condition of the collateral order doctrine is not met and the disqualification order is not immediately reviewable.[3]

## CONCLUSION

Based on the foregoing analysis, we hold that we have no jurisdiction to entertain this appeal and the same is hereby **DISMISSED.** Our Mandate shall issue forthwith.

Dated this ___3rd___ day of ___May___, 1993.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
BENJAMIN J. F. CRUZ, Special Judge

---

[3] In this particular case, the record indicates that the motion to disqualify below raised four grounds, but the trial court considered only two. In light of our conclusion that an erroneous disqualification order would send this case back for a new trial, we urge the trial court to consider each and every ground raised in a motion to disqualify and set forth specific findings of fact and conclusions of law as to each of those grounds.

We are also concerned about the small number of practicing attorneys in the CNMI and whether plaintiffs could find substitute counsel willing to take their case. If not, they should be allowed to seek further reconsideration of the disqualification order.